IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MICHAEL J. MATHES                                                PLAINTIFF

            v.                          CIVIL NO. 11-5281

MICHAEL J. ASTRUE[1], Commissioner
Social Security Administration                                   DEFENDANT

## MEMORANDUM OPINION

Plaintiff, Michael J. Mathes, brings this action pursuant to 42 U.S.C. § 405(g), seeking

judicial review of a decision of the Commissioner of the Social Security Administration

(Commissioner) denying his claims for a period of disability and disability insurance benefits

(DIB) and supplemental security income (SSI) benefits under the provisions of Titles II and XVI

of the Social Security Act (Act).  In this judicial review, the Court must determine whether there

is substantial evidence in the administrative record to support the Commissioner's decision.  See

42 U.S.C. § 405(g).

I.      **Procedural Background**:

Plaintiff protectively filed his current applications for DIB and SSI on September 18,

2008, alleging an inability to work since August 2, 2008, due to diverticulitis; a colostomy bag

and reversal; and severe joint pain in his hips, knees, and ankles.  (Tr. 118, 125, 154).  An

administrative hearing was held on January 26, 2010, at which Plaintiff, after being informed of

---

[1]Carolyn Colvin became the Acting Social Security Commissioner on February 14, 2013.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn Colvin has been substituted for Commissioner  Michael J. Astrue as the Defendant in this suit.

his right to representation, testified without the assistance of a representative. (Tr. 21-61, 115). Plaintiff also waived the twenty day notice for the hearing.  (Tr. 114).

By written decision dated July 2, 2010, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 11). Specifically, the ALJ found Plaintiff had the following severe impairments: diverticulitis, status post colostomy and subsequent reversal; and generalized osteoarthritis with associated low back and joint pain.  However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Tr. 12).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform the full range of sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (Tr. 12).  The ALJ, with the use of the Medical-Vocational Guidelines (Grids), found Plaintiff was not disabled. (Tr. 15).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on October 28, 2011.  (Tr. 1-5).  Subsequently, Plaintiff filed this action. (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 9, 11).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

## II.    Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

-2-

AO72A
(Rev. 8/82)

would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  <u>Edwards v. Barnhart</u>, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  <u>Haley v. Massanari</u>, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  <u>Young v. Apfel</u>, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity.  <u>Pearsall v. Massanari</u>, 274 F.3d 1211, 1217 (8th Cir.2001); <u>see</u> <u>also</u> 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § § 423(d)(3), 1382(3)(c).  A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits:  (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal

-3-

AO72A
(Rev. 8/82)

an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience.  See 20 C.F.R. § §404.1520, 416.920.  Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity.  See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C.F.R. §§ 404.1520, 416.920.

## III.   Discussion:

Plaintiff contends that the ALJ erred in concluding that the Plaintiff was not disabled because: 1) the ALJ deprived Plaintiff of adequate access to the evidence, the opportunity to make an informed decision regarding objections to the exhibits, the opportunity to call witnesses, and failed to fully and fairly develop the record; 2) the ALJ erred in determining Plaintiff did not have a severe mental impairment; 3) the ALJ erred in his evaluation of Plaintiff's subjective complaints; and 4) the ALJ erred in failing to use a vocational expert's testimony.

### A.   Development of the Record:

Plaintiff argues that the ALJ deprived Plaintiff, who did not have a representative present at the hearing, of adequate access to the evidence, the opportunity to make an informed decision regarding objections to the exhibits, and the opportunity to call a witness at the hearing.  With regard to representation at the administrative hearing, the Court notes that while Plaintiff did not have a representative at the hearing, the record showed that the ALJ informed Plaintiff of his right to representation, and Plaintiff chose to continue with the hearing on is own.  (Tr. 22-27). The record further revealed that in Plaintiff's request for a hearing dated April 3, 2009, and the

-4-

Defendant's letter dated April 9, 2009, Plaintiff was informed of his right to representation. (Tr. 79-82).

Plaintiff also alleges that he was not allowed adequate access to the exhibits or given the opportunity to call witnesses. The administrative hearing transcript revealed that Plaintiff reported he was given three CDs regarding the exhibits but was unable to view the contents on his mother's computer. (Tr. 27, 49). Plaintiff did not request the assistance of the ALJ in viewing the evidence nor did he indicate that he tried other means to view the records. As for witnesses, Plaintiff did not request the testimony of a witness.

While an ALJ is required to develop the record fully and fairly, see Freeman v. Apfel, 208 F.3d 687, 692 (8th Cir.2000) (ALJ must order consultative examination only when it is necessary for an informed decision), the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period. See Strongson v. Barnhart, 361 F.3d 1066, 1071-72 (8th Cir.2004) (ALJ must develop record fully and fairly to ensure it includes evidence from treating physician, or at least examining physician, addressing impairments at issue).

**B.     Plaintiff's Impairments:**

At Step Two of the sequential analysis, the ALJ is required to determine whether a claimant's impairments are severe. See 20 C .F.R. § 404.1520(c). To be severe, an impairment only needs to have more than a minimal impact on a claimant's ability to perform work-related activities. See Social Security Ruling 96-3p. The Step Two requirement is only a threshold test so the claimant's burden is minimal and does not require a showing that the impairment is disabling in nature. See Brown v. Yuckert, 482 U.S. 137, 153-54 (1987). The claimant,

-5-

however, has the burden of proof of showing he suffers from a medically-severe impairment at Step Two.  See Mittlestedt v. Apfel, 204 F.3d 847, 852 (8th Cir.2000).

Plaintiff argues that the ALJ erred in not finding Plaintiff's depression to be a severe impairment.  While the ALJ did not find this impairment to be severe, the ALJ specifically discussed this alleged impairment, and clearly stated that he considered all of Plaintiff's impairments, including the impairments that were found to be non-severe.  (Tr. 10).  See Swartz v. Barnhart, 188 F. App'x 361, 368 (6th Cir.2006) (where ALJ finds at least one "severe" impairment and proceeds to assess claimant's RFC based on all alleged impairments, any error in failing to identify particular impairment as "severe" at step two is harmless); Elmore v. Astrue, 2012 WL 1085487 *12 (E.D. Mo. March 5, 2012); see also 20 C.F.R. § 416.945(a)(2) (in assessing RFC, ALJ must consider "all of [a claimant's] medically determinable impairments ..., including ... impairments that are not 'severe' "); § 416.923 (ALJ must "consider the combined effect of all [the claimant's] impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity").

The Court further notes that Plaintiff did not allege a disabling mental impairment in his applications for benefits.  See Dunahoo v. Apfel, 241 F.3d 1033, 1039 (8th Cir. 2001) (failure to allege disabling mental impairment in application is significant, even if evidence of depression is later developed).  The record also failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period.  See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Based on the evidence of record, the Court finds that the ALJ's determination that Plaintiff's alleged depression was not a "severe" impairment does not constitute reversible error.

### C.    Subjective Complaints and Credibility Analysis:

The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to: (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions. See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, and the Defendant's well-stated reasons set forth in her brief, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. The record revealed that during the relevant time period, Plaintiff was able to mow lawns for twenty hours a week in the summer, to take care of his personal needs, to prepare simple meals, to do dishes and laundry, to drive a car, to shop, and to watch television and play video games. (Tr. 38-39, 193-200). Plaintiff also alleged an inability to seek treatment due to a lack of finances; however, the record revealed that Plaintiff was able to find the funds to support his smoking habit. (Tr. 303).

AO72A
(Rev. 8/82)

Therefore, although it is clear that Plaintiff suffers with some degree of pain, he has not established that he is unable to engage in any gainful activity.  See Craig v. Apfel, 212 F.3d 433, 436 (8th Cir. 2000) (holding that mere fact that working may cause pain or discomfort does not mandate a finding of disability).  Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D.    The ALJ's RFC Determination:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1).  It is assessed using all relevant evidence in the record. Id.  This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations.  Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. § 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question."  Lauer v. Apfel,  245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace.  Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003).  "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC."  Id.

The Court finds, based upon the well-stated reasons outlined in the Defendant's brief, that Plaintiff's argument is without merit, and there was sufficient evidence for the ALJ to make an informed decision.  When determining Plaintiff's RFC, the ALJ specifically discussed the relevant medical records, the opinions of the non-examining medical consultants, and the

-8-

examination notes and opinion of Dr. C.R. Magness, the consultative medical examiner, and set forth the reasons for the weight given to the medical opinions. Renstrom v. Astrue, 680 F.3d 1057, 1065 (8th Cir. 2012) ("It is the ALJ's function to resolve conflicts among the opinions of various treating and examining physicians")(citations omitted). Based on the record as a whole, the Court finds substantial evidence to support the ALJ's RFC determination for the relevant time period.

       **E.**    **Use of the Medical Vocational Guidelines (Grids):**

Once Plaintiff has established a *prima facie* case by showing an inability to perform past relevant work, the burden of proof shifts to the Commissioner to show that Plaintiff has the residual functional capacity to perform some other kind of work and that jobs are available in the national economy which realistically fit his capabilities. Reed v. Sullivan, 988 F.2d 812, 815 (8th Cir. 1993). If the claimant is found to have only exertional impairments (affecting the ability to perform physical labor), the Commissioner may meet this burden by referring to the Grids which are fact-based generalizations about the availability of jobs for people of varying ages, educational background, and previous work experience, with differing degrees of exertional impairment. Foreman v. Callahan, 122 F.3d 24, 26 (8th Cir. 1997); Robinson v. Sullivan, 956 F.2d 836, 841 (8th Cir. 1992)(citations omitted). Given the Court's finding that substantial evidence supports the ALJ's determination that Plaintiff is capable of the full range of sedentary work, the Court believes the ALJ properly relied on the Grids, eliminating the need for expert vocational testimony, in concluding that given Plaintiff's age, education, work experience, and capacity for sedentary work, Plaintiff was not disabled.

AO72A
(Rev. 8/82)

**IV.**     **Conclusion:**

Accordingly, having carefully reviewed the record, the undersigned finds substantial evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be dismissed with prejudice.

DATED this 1st day of March, 2013.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)